THE STATE OF MISSOURI, Respondent, v. L. F. QUINN, Appellant.

### St. Louis Court of Appeals, March 8, 1887.

1. CRIMINAL LAW—SELLING LIQUOR WITHOUT LICENSE.—In a prosecution for selling intoxicating liquor without license, proof of a sale, or of facts from which a sale is legally inferable, is essential to sustain a conviction.

2. ——— FAILURE OF PROOF.—An indictment for selling intoxicating liquors without license, is not supported by proof merely that such liquors were drunk on the defendant's premises by his invitation.

APPEAL from the Butler County Circuit Court, JOHN G. WEAR, Judge.

*Reversed, and the defendant discharged.*

L. D. GROVE, for the appellant.

THOMPSON, J., delivered the opinion of the court.

The indictment charges that the defendant, a dealer in drugs and medicines, " did unlawfully sell intoxicating liquor in a less quantity than one gallon, to-wit: one pint of whiskey, one pint of wine, one pint of lager beer, and one pint of gin, without taking out or having a license as a dramshop keeper, or any other legal authority to sell the same ; the said intoxicating liquor not then and there sold for sacramental purposes, nor prescribed by a regularly registered physician, nor solely in the admixture of necessary remedial compound or preparations of tinctures, nor compounding of a written prescription, made and signed by some regular practicing physician, who stated in such prescription that the liquor therein prescribed was a necessary ingredient, against the peace and dignity of the state."

By consent the trial was had before the court

without a jury; the verdict was guilty, and the judgment was the assessment of a fine of one hundred dollars. The only evidence given in support of the indictment was as follows: John Treece, testified as follows: "Am acquainted with the defendant; I know where his drug store is. Some time in March or April, 1884, I went into his drug store and drank something that I called whiskey; it was whiskey. Quinn was a druggist, and we got the liquor in his drug store. I don't remember who it was that drank with us; there was another person. We got it from the defendant; he said, 'won't you have some medicine,' and we all drank it. I don't know whether it was paid for or not. I did not pay for it. This was in Butler county, state of Missouri." It is perceived that the indictment is drawn under the provisions of the act of May 19, 1879 (Laws of 1879, page 165). This statute was repealed by the act of March 26, 1881. *The State v. Roller*, 77 Mo. 120. Whether the indictment would be a good indictment under the provisions of the act of 1881, rejecting as surplusage such of its averments as were manifestly intended to conform to the act of 1879, need not be considered; because there was no evidence to support the indictment as drawn. The indictment was for *selling* the described intoxicants, and there was no evidence that any was *sold*.

The judgment will be reversed, and the defendant discharged. It is so ordered. All the judges concur.